# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 168 | **DATE** | 8/2/2004 |
| **CASE TITLE** | Leroy Orange vs. Jon Burge, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The Court hereby disqualifies itself under 28 U.S.C. §455(a) from these proceedings. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| X | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | 08/03/04 date docketed | |
| | Docketing to mail notices. | | | 33 |
| | Mail AO 450 form. | | rbf docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| slb | courtroom deputy's initials | 2004 AUG -2 PM 3: 03 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LEROY ORANGE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Judge Ronald A. Guzmán |
| ) | |
| **JON BURGE, LEONARD BAJENSKI,** ) | 04 C 168 |
| **DAVID DIOGUARDI, ROBERT** ) | |
| **FLOOD, RAYMOND MADIGAN,** ) | **DOCKETED** |
| **JOHN MCCABE, DENNIS** ) | |
| **MCGUIRE, RAYMOND MCNALLY,** ) | AUG 0 3 2004 |
| **DANIEL MCWEENY, CITY OF** ) | |
| **CHICAGO, COOK COUNTY, ILL.,** ) | |
| **COOK COUNTY STATE'S** ) | |
| **ATTORNEY'S OFFICE, RICHARD A.** ) | |
| **DEVINE, GAYLE SHINES, THOMAS** ) | |
| **NEEDHAM, DENNIS DERNBACH,** ) | |
| **LEROY MARTIN, TERRY HILLARD,** ) | |
| ) | |
| **Defendant.** ) | |

### MEMORANDUM OPINION AND ORDER

This case has been assigned to me under the random assignment system. For the following reasons, I recuse myself.

### DISCUSSION

Recusal in this case is governed by 28 U.S.C. § 455(a), which provides in pertinent part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In addition, Section 455(b) addresses situations that do not apply here: "subsections (b)(1), (2), (3), (4), and (5) provide for the mandatory disqualification of a judge in certain specific circumstances, such as where family or financial interests are involved." *SCA Servs., Inc. v. Morgan*, 557 F.2d 110, 113

(7th Cir. 1977). Section 455(a) "has been termed the 'catchall recusal provision, covering both interest and relationship and bias and prejudice grounds.'" *Hass v. RICO Enter.*, No. 03 C 8695, 2004 WL 784813, at *2 (N.D. Ill. Apr. 12, 2004) (quoting *Liteky v. United States*, 510 U.S. 540, 548 (1994) (internal quotations omitted)). Whereas Section 455(b) addresses the reality of bias, prejudice, interest or relationship, Section 455(a) solely addresses the appearance of impartiality. *Id.* "Section 455(a) asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry." *In re Mason*, 916 F.2d 384, 385-86 (7th Cir. 1990).

The complaint in the case before the Court alleges plaintiff was physically tortured by members of the Chicago Police Department using such methods as electrical shock, suffocation, and the squeezing of his testicles in order force a false confession from him regarding a homicide investigation. The confession was then used against him to falsely convict him. The complaint names, among others, several defendants personally known to the Court. They are Dennis Dernbach, a former Assistant Cook County State's Attorney, Richard Devine, State's Attorney of Cook County, and at least one other who may, if his true identity is ever revealed, be known to the Court, to wit, John Doe, Assistant Cook County State's Attorney. The complaint further identifies as a witness/participant William Kunkle, also personally known to the Court. In addition, at a recent hearing the Court was informed by plaintiff's counsel that William Pileggi, Thomas Fecarotta, and Gregory Ginex would also be witnesses in this case. All three are the Court's former partners in the private practice of law. Dernbach, Kunkle, Fecarotta, Ginex, and Pileggi were Assistant Cook County State's Attorneys at a time when the Court also was an Assistant Cook County State's Attorney and were personally known to the Court at that time.

Finally, plaintiff's counsel also informs the Court that he cannot rule out the possibility that at least one of the aforementioned witnesses will become a defendant as discovery proceeds.

The Court has informed all parties in open Court of its past and current relationship with the above named witnesses and defendants as well as the fact that the Court was a Cook County Assistant State's Attorney for several years. The parties were given time to consider these facts and determine whether or not to file a motion seeking the Court's recusal. No such motion has been filed. However, in the interim, the Court has had occasion to again review the first amended complaint and consider the possibility that the Court's impartiality might reasonably be questioned in this case. Although we are confident of our ability to be fair and impartial in this case, it appears quite likely at this time that the trial of the case will see, not only the Court's personal acquaintances sitting at defense counsel table as defendants, but also at least four other personal acquaintances as witnesses. In this regard it has been held that: "'A judge's friendship with one of the attorneys, or acquaintance with witnesses or even parties, does not ordinarily require recusal . . .[h]owever, there are cases where the extent of intimacy, or other circumstances, renders recusal necessary.'" *Hass v. RICO Enter.*, No. 03 C 8695, 2004 WL 784813, at *3 (N.D. Ill. Apr. 12, 2004) (quoting RECUSAL: ANALYSIS OF CASE LAW UNDER 28 U.S.C. §§ 455 & 144 29 (Fed. Jud. Ctr. 2002)).

A review of all of the factors involved lead us to the conclusion that this is one of those cases in which a unique combination of circumstances renders recusal appropriate. The factors I consider are these: First, the number of parties and witnesses involved with which the Court is personally acquainted. While one or two such acquaintances would clearly fall under the rule

that recusal is not ordinarily required, five, six or more such acquaintances in any one trial makes such a conclusion more difficult. Second, all of the Court's acquaintances in this case would appear at this time to be defense-oriented witnesses if not actual defendants. None appear likely to testify for the plaintiff - although admittedly that could change. Third, with some of the witnesses, i.e., the Court's former partners in the private practice of law, the degree of personal acquaintance and intimacy is substantial. Fourth, the Court was, for approximately six years, a Cook County Assistant State's Attorney and its relationship with these witnesses and defendants began while serving as an assistant state's attorney. Further, it is regarding this capacity, that is, regarding duties and actions taken by them as assistant state's attorneys, that the witnesses with whom the Court is acquainted will be called; and it is regarding this capacity that the defendants with whom the Court is acquainted are being accused. Fifth, to some extent at least, the plaintiff's first amended complaint impugns the actions of the Cook County State Attorney's Office; an office in which this Court served and with whom it still has some ties of personal friendship. Finally, apparently the distinct possibility exists that one of the current witnesses with whom the Court at one time, albeit more than ten years ago, had a lengthy and close friendship, may become a defendant in this case.

None of these considerations taken alone, nor even several taken together, could lead an impartial observer to question the Court's ability to be fair. However, this unique combination of relationships and considerations taken together, might cause a reasonable person to question the Court's impartiality. It seems best to us, given the nature of the case, to err on the side of caution in this regard - although the Court is confident that, were this alternative not available, it could

and would provide a fair and impartial trial for all concerned in this matter.

## CONCLUSION

For the foregoing reasons, this Court hereby disqualifies itself under 28 U.S.C. § 455(a) from these proceedings.

**SO ORDERED**  **ENTERED:**

*/s/ Ronald A. Guzman*

**HON. RONALD A. GUZMAN**
**United States Judge**

G:\Masterlist Project Folders\Orange vs. Burge 04-168\recusal.wpd

5