**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LEROY ORANGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-C-00168 |
| ) | |
| Former Chicago Police Lt. JON BURGE, ) | The Honorable James F. Holderman |
| et al. ) | |
| ) | |
| Defendants. ) | |

**CERTAIN DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER AND MOTION TO QUASH THE SUBPOENA FOR THE PRISONER REVIEW BOARD'S FINDINGS AND RECOMMENDATIONS CONCERNING PLAINTIFF'S PARDON**

Defendants, Jon Burge, Leonard Bajenski, David Dioguardi, Robert Flood, Raymond Madigan, Dennis McGuire, Raymond McNally, and Daniel McWeeny ("Defendants"), by and through their attorneys, Freeborn & Peters LLP, respond as follows to Plaintiff's Motion for a Protective Order and Motion to Quash the Subpoena for the Prisoner Review Board's Finding and Recommendations Concerning Plaintiff's Pardon ("Motion"):

**INTRODUCTION**

Plaintiff's Motion consists of scattershot arguments that do not lend any real analysis to the issues currently before the Court. In essence, Plaintiff is deeply concerned about the devastating effect that disclosure of an Illinois Prisoner Review Board ("the PRB") document will have on his case. In a desperate attempt to squelch this relevant information from being discovered, Plaintiff raises evidentiary arguments (which are inappropriate at the discovery stage) and tries to unilaterally assert a privilege that only the government enjoys. Plaintiff's attempt ignores the Rules of Civil Procedure and well-established case law on proper assertion of a qualified privilege.

**ARGUMENT**

The subject of Plaintiff's Motion is a single document in the possession of the PRB. The PRB moved to quash production of a single paragraph in this multi-page document referred to as the PRB's Report and Findings ("Report") regarding Plaintiff's clemency petition.[1] Although the PRB has agreed to produce the Report with only the last paragraph redacted, apparently, Plaintiff is attempting to suppress the entire document.[2] (Motion at 1.) In the Motion, Plaintiff makes two broad arguments in support of suppressing the document: 1) the document is not admissible, and 2) it is privileged under the deliberative process privilege. Both of these arguments lack legal and factual support. Thus, the entire Motion should be denied.

**I.     Plaintiff Cannot Move to Quash The Subpoena.**

As a preliminary matter, the Court should note that Plaintiff has no standing to unilaterally move to quash a subpoena to a third party. *See, e.g.*, Wright & Miller, Federal Practice and Procedure Civ.2d 2459 (2005) (Generally, a party to litigation has no standing to seek to quash a third-party subpoena *duces tecum* unless the party claims some personal right or privilege to the documents sought.); *Green v. Sauder Moulding Inc.*, 223 F.R.D. 304 (E.D.Va. 2004) (plaintiff has no standing to move to quash a subpoena to a third party because subpoena is not directed at him and he is not entitled to assert a privilege on the behalf of a third party). Defendants raise this procedural issue because the instant Motion is confusing in what it seeks to accomplish and how it seeks to do so. The Motion is styled as both a "motion for a protective

---

[1] Defendants responded to the separately filed Motion to Quash by the PRB in a pleading entitled Certain Defendants' Response to Motion to Quash Subpoena Directed To The Illinois Prisoner Review Board ("the Response Brief to the PRB Motion"). Former Governor George Ryan also filed a motion to quash a subpoena directed to him in this lawsuit. Defendant's responded to Ryan's Motion in a pleading entitled Certain Defendants Response to Motion to Quash Subpoena Directed to George H. Ryan ("the Response Brief to the Ryan's Motion"). These Response Briefs were filed contemporaneous with the instant Response Brief. Also, Defendant in the *Hobley* case filed a separate Response to George Ryan's Motion to Quash. Many of the same legal issues and arguments were raised in all four motions to quash. For example, the instant Motion makes arguments in favor of Ryan's Motion to Quash his deposition: "defendants should be precluded from … inquire (sic) of the Governor as to whether or how he considered the PRB's memorandum." (Motion at 4.) Defendants seek to preserve the record for each motion, but believe that rearguing each and every point in all three Response Briefs is duplicative and unnecessary. In the interest of conserving time and judicial resources, Defendants incorporate into each of their Response Briefs, all arguments contained in the other Responses Briefs.

order" and a "motion to quash" a subpoena served on the PRB – a third party in this case. It is not styled as a supplemental brief in support of the PRB's motion to quash. Thus, Plaintiff appears to be moving this Court, independently, under rule 45 (c) to quash the subpoena to the PRB based on the deliberative process privilege. (Motion at 2.) However, Plaintiff is barred from doing this because he has not and cannot raise a "personal right or privilege" over the PRB's Report.

Plaintiff lacks standing to do so because the deliberative process privilege is a qualified privilege only afforded to the *government and government actors* under limited circumstances. (*See*, the Response Brief to the PRB Motion at 5-6.) The privilege is not afforded to non-governmental civil litigants who seek to suppress government information that could prove to be disasterous to their case. Plaintiff does not stand in relationship to the PRB such that Plaintiff may assert a claim of privilege over the Report. *See, e.g., Green v. Sauder Moulding Inc*., 223 F.R.D. 304, 310 (E.D.Va. 2004) Simply put, the privilege is not the Plaintiff's to assert. To the extent that Plaintiff is seeking to <u>join</u> the PRB in quashing the subpoena, any arguments raised by Plaintiff – that have not already been addressed by the PRB – are unpersuasive. Moreover, all of Plaintiff's arguments in favor of recognizing a privilege are contingent upon the manner in which the PRB asserted the privilege. Consequently, if the Court finds that the PRB failed to properly assert the privilege, Plaintiffs arguments in this Motion are moot.

**II.     The PRB Report Is Relevant To This Case.**

   **A.     Plaintiff Misunderstands The Difference Between Evidentiary Issues And Discovery Issues.**

Plaintiff's primary argument is that the PRB Report should not be produced because it is not relevant. He reasons that, "[w]hile the plaintiff's pardon is admissible to prove the essential elements of his claim, the underlying procedures or deliberations used when considering the arguments are not." (Motion at 3.) Plaintiff's argument is wanting for several reasons. First, Plaintiff's focus on whether the document would be admissible at trial is premature. These cases are not at the trial stage and the Court is not entertaining a Motion In Limine. Thus, any arguments at this time relating to the admissibility of evidence are improper.

---

[2] For a further discussion on this point see the Response Brief to the PRB Motion at page 2.

Second, Plaintiff clearly fails to understand that relevant evidence and admissible evidence have two totally different standards. *See, Old Second Nat'l Bank v. Commercial Union Midwest Ins. Co.*, 1999 WL 1068635, \*4 (Kocoras, J., N.D. Ill., Nov. 19, 1999) ("a determination of relevancy for discovery purposes differs from that applied in determining admissibility of evidence at trial.") At this point in the litigation, the pursuit of information is regulated by Rule 26, which states in pertinent part, "Parties may obtain discovery regarding any matter … [that] is relevant to the subject matter involved in the pending action, … [or] appears reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). This rule generally permits "broad ranging discovery of any non-privileged information" that appears reasonably calculated to lead to the discovery of admissible evidence. *Steadfast Insurance Co., v. Auto Marketing Network Inc.*, 1999 WL 300231 \* 1 (N.D. Ill. May 3, 1999).

The test of what is relevant is best left to a "common sense approach." *In re Aircrash Disaster Near Roselawn, Ind. Oct. 31, 1994,* 172 FRD 295, 303 (Bobrick, J., N.D. Ill. Feb. 19, 1997). Even information that is not admissible at trial may be sought as long as the information sought to be discovered "appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* (Internal citations omitted.) The phrase, *relevant to the subject matter involved in the pending action* is "broadly construed to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case, without limitation to the issues raised in the pleadings." *Id.* Relevancy cannot be equated with admissibility at trial or the narrow issues presented by the facts. *Id.* The test of relevancy is the subject matter of the action. Relevancy, then, is broadly construed at the discovery stage of the litigation, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action. *Id.*

Here, the Report is clearly relevant to the defenses in these cases. After all, Plaintiff argues that the innocence pardon is "relevant" and "admissible" and that he will attempt to introduce the pardon at trial (*Id.*) If the pardon is admissible in his case in chief, then certainly the basis for the pardon including the PRB Report is relevant to the defense. Additional arguments relating to the relevancy of the PRB Report are contained in the Response Brief to the PRB Motion, which is incorporated herein by reference. Simply put, Plaintiff's intended use of the innocence pardons renders the Report a relevant and discoverable document.

Additionally, two recent cases, that are strikingly similar to the cases at bar dealt with this exact issue of whether a PRB Report is relevant to the litigation. (*See*, *Evans v. City of Chicago*, 231 F.R.D. 302 (N.D. Ill. August 25, 2005, J. Schenkier) and Judge Ward's Amended Order dated November 21, 2005 in *Terry v. City of Chicago, et al.,* Case No. 04 L 8141 (Cook Co., IL), attached as Ex. A to the Response Brief to the PRB Motion.)  Both courts ordered production of the Report.  Plaintiff addressed these cases in the Motion but he argues that these case are actually distinguishable from the cases here because "the plaintiffs did not object to the proffering of the PRB's pardon recommendation." (Motion at 5.) This fact does not make these cases distinguishable at all.  Plaintiff failed to advise the Court that relevancy arguments were, in fact, raised in those cases by the Respondents to the subpoena, the PRB.  Thus, it makes no difference that plaintiffs did not *also* raised the issue.

Plaintiff also argue that *Evans* and *Terry* are distinguishable because "[n]either decision fully explores the admissibility or relevancy of the PRB's Recommendation."  *Id*.  As noted above, admissibility of evidence is not a factor to be considered in the discovery phase.  As far as relevancy is concerned, both courts found that the PRB's report was relevant to the litigation, and thus, discoverable. In fact, the *Terry* court not only determined the Report to be relevant to the litigation, it found that the interest of the Defendants in "this document (the Report) in particular" to be "compelling."  *Terry* at 8.  Moreover, in *Evans*, Judge Schenkier clearly articulated why the relevancy argument should be dismissed outright:

> We express no view on whether the trial judge will allow Mr. Evans to put his pardon into evidence, and if so, whether – or to what extent – the trial judge will permit the police officer defendants to offer evidence as to the basis of the pardon. However, given that there are no *in limine* rulings at this time barring the admission of the evidence, we cannot say that the information sought by the police officer defendants is outside the scope of "relevance" as defined by Rule 26, at least insofar as the police officer defendants seek documents and testimony to probe the basis for the pardons.  Accordingly, the Court overrules the Respondents' argument that none of the requested documents or testimony is releveant.

*Evans*, 231 F.R.D. 302, 310 (N.D. Ill. August 25, 2005).

Plaintiff's other argument relating to the relevancy of the PRB Report are also questionable.  Plaintiff argues that the innocence pardon is "relevant" and "admissible," but in

- 5 -

the same breath he argues that Defendants are "legally precluded from attacking the merits, procedures or deliberations used resulting in plaintiff's pardon." (*Id.*) This position on its face is untenable. Furthermore, Plaintiff does not provide any controlling authority to support this conclusion. Instead, he cites to two state court cases that do not even support his theory. The first case, *People v. ex rel. Madigan v. Snyder*, 804 N.E.2d 546, 556 (Ill. 2004), reviews the extent of a governors ability to grant a pardon and the limits on the pardon power. The second case, *People ex rel. Smith v. Jenkins*, 156 N.E.2d 290, 291 (Ill. 1927), reviews the legal effect a pardon has on the underlying conviction. Neither of these cases state that a defendants in a federal court case are "legally precluded" from discovering information that served as the basis to a pardon that was purportedly based on innocence.

Plaintiff's argument is based on a misunderstanding of the difference between challenging the power of the governor to pardon and seeking information pertaining to the basis upon which a governor came to the decision to announce that a convicted killer was innocent. As argued more fully in the Response Brief to the PRB Motion, Defendants do not intend to challenge Ryan's authority in these lawsuits, rather, they seek to obtain relevant evidence that will allow them to present a defense to Plaintiffs' ability to argue to the jury that there is an official finding from a governmental authority that these men are actually innocent. Thus, Plaintiff's arguments relating to Defendant's attempt to challenge the pardon process completely miss the mark.

### B. A Pardon And A Verdict Are Distinguishable For Purposes Of Obtaining Admissible Evidence.

In a further attempt to shore up his theory that the Report is not relevant, Plaintiff makes an extraordinary leap of logic and argues that Ryan's pardon is "akin to a jury or bench verdict." He boldly argues that "[t]he Governor has pronounced that the plaintiff is innocent as a judge or a jury announces a verdict that a defendant is not guilty." Plaintiff's comparison should be disregarded because it is fundamentally flawed. Indeed, the comparison ignores the manifest difference between a pardon and a verdict. First, Plaintiff cites no authority to support this comparison. Second, the process that concludes with a judge or a jury announcing a verdict is not remotely similar to the process that results in a pardon.

For example, a pardon is a unilateral decision made by a governor that is essentially restriction-free. The Illinois Constitution provides a governor with the exclusive power to grant pardons "on such terms as he thinks proper." Ill.Const. art. V, Sec. 12. The Illinois Supreme Court has acknowledged that a governor is given unfettered discretion to grant pardons while "controlled only by his conscience and his sense of public duty." *People v. ex rel. Madigan v. Snyder*, 804 N.E.2d 546, 556 (Ill. 2004) (citing *People ex rel. Smith v. Jenkins*, 156 N.E.2d 290, 291 (Ill. 1927)). Moreover, a governor's authority to grant Plaintiffs' pardons cannot be challenged by a court of review. Thus, a pardon can be based on speculation, innuendo, false evidence, bias, prejudice, emotion, or undue influences. In fact, a pardon can even be based on a Governor's whimsy.

A verdict on the other hand is the culmination of a truth-seeking process. Safeguards exist in our criminal court system to prevent corruption of the process and to insure that a verdict is reached on reliable, admissible evidence under rules and procedures that have developed as a result of over 200 years of jurisprudence. Prior to a jury even being empanelled, each juror is subjected to questioning by the court and advocates on both sided to determine if the juror possesses biases, prejudices, or other undue influences that could taint the verdict. Moreover, if either side feels as though the judge cannot be fair in rendering a true and just verdict, they can move to substitute that judge for another that can be fair. Unlike a pardon, verdicts are reached on the basis of law and evidence presented at an adversarial hearing in an inherently public process within the confines of well-established rules of procedure and evidence, and subject to levels of appellate review for error. Thus, Plaintiff's comparison of a verdict and a pardon has lacks a basis in both fact and law.

In light of the liberal construction of Rule 26, it is clear that the PRB Report is relevant to the litigation. Plaintiff's arguments to the contrary devoid of any factual or legal support. Moreover, Plaintiff's arguments are contrary to the rulings of the only two cases that have dealt with this exact issue. As such, the Plaintiff's request to suppress production of the Report should be denied.

**II.     Deliberative Process Privilege Does Not Apply To The PRB Report.**

As noted above, Plaintiff has no standing to assert the deliberative process privilege over the PRB's Report.  To the extent that Plaintiff arguments relating to deliberative process are meant to supplement those of the PRB, they are cumulative and redundant.  Moreover, Plaintiff's arguments are irrelevant because the PRB failed to properly assert the privilege over the document in question.  Even if the privilege were properly asserted, Defendants demonstrated a particularized need for the document – which defeats this qualified privilege.

The only additional argument that Plaintiff raises is a ubiquitous "floodgates argument." This argument is misleading, disingenuous and also misses the mark.  Plaintiffs want this Court to believe that disclosure of the PRB Reports in these cases would have a profound effect on future litigation.  This argument ignores reality.  As Judge Schenkier noted in the *Evans* case: "Most pardon decisions are never the subject of, or relevant to, any litigation: a governor's decision to issue a pardon (or to decline one) is not judicially reviewable, and it is the rare case where as here, a pardon decision is potentially relevant to issues raised in a civil lawsuit." 231 F.R.D. 302, 317 (N.D. Ill. 2005) (internal citations omitted). Moreover,  Plaintiffs' additional arguments about jurors and judges becoming "material witnesses" if the Reports are turned over are so overblown, they border on the absurd.  Plaintiffs are simply trying to repackage a relevancy argument under the auspices of a privilege argument.

As argued more fully above, Plaintiff has opened the door to discover the Report because he has made it clear that he intends to attempt to introduce the pardon at trial.  Given that the Report is clearly relevant to the pardon and thus to this litigation, the only way it could be protected from disclosure is by a properly asserted privilege.  The PRB was unable to properly assert a privilege and, as a result, the Report should be turned over.  Plaintiff do not have an independent basis to aset a privilege or right over the document.  Consequently, Plaintiffs Motion should be denied.

**CONCLUSION**

Accordingly, for all of the foregoing reasons, Defendants respectfully request that this Honorable Court enter an Order denying Plaintiff's motion for a protective order and motion to quash the subpoena to the Illinois Prisoner Review Board.

                                                          Respectfully submitted,

                                                          Counsel for Defendants, Jon Burge, Leonard
                                                          Bajenski, David Dioguardi, Robert Flood, Raymond
                                                          Madigan, Dennis McGuire, Raymond McNally,
                                                          and Daniel McWeeny

                                                  By: /s/ Terrence J. Sheahan

Richard T. Sikes, Jr.
Michael P. Kornak
Terrence J. Sheahan
FREEBORN & PETERS LLP  #77182
311 South Wacker Drive
Suite 3000
Chicago, Illinois 60606
(312) 360-6000
*Counsel for Defendants,*
*Jon Burge, Leonard Bajenski, David Dioguardi, Robert Flood,*
*Raymond Madigan, Dennis McGuire, Raymond McNally, and Daniel McWeeny*

Dated: January 6, 2006

#1016169

**CERTIFICATE OF SERVICE**

      The undersigned, being one of the attorneys of record in the above cause, certifies that he this day caused a copy of the attached **Certain Defendants' Response To Plaintiff's Motion for a Protective and Motions to Quash Subpoena for the Prisoner Review Board's Findings and Recommendation Concerning Plaintiff's Pardon** to be electronically served via CM/ECF to the following registered users listed below:

G. Flint Taylor
Joey L. Mogul
Michael E. Deutsch
People's Law Office
1180 N. Milwaukee Avenue
Chicago, Illinois 60622
Fax: (773) 235-6699

Demitrus Evans
Law Office of Demitrus Evans
621 Sheridan Road, Suite G
Evanston, Illinois 60202
Fax: (847) 733-9737

Terrence Burns
Harry N. Arger
Paul Michalik
Daniel M. Noland
Dykema, Gossett, Rooks, Pitts
10 S. Wacker, Suite 2300
Chicago, Illinois 60606
Fax: (312) 876-1155

Standish E. Willis
Law Office of Standish Willis
407 S. Dearborn Street
Suite 1395
Chicago, Illinois 60604
Fax: (312) 554-1012

Eileen M. Letts
Martin P. Greene
Kevin T. Lee
Greene and Letts
111 Washington Street
Suite 1650
Chicago, Illinois 60602
Fax: (312) 346-4571

Patricia Bobb
Patricia C. Bobb & Associates
833 W. Jackson Blvd.
Suite 200
Chicago, Illinois 60607
Fax: (312) 829-3367

and via United States mail, postage prepaid to the below-listed parties, by depositing in the mail box located at 311 S. Wacker Drive, Chicago, Illinois prior to 5:00 p.m. on January 6, 2006:

- 2 -

| Patrick T. Driscoll, Jr.<br>Deputy State's Attorney<br>Chief, Civil Actions Bureau<br>Daley Center, Room 575<br>Chicago, Illinois 60606<br>Fax: (312) 603-5735 | Ronald Rascia<br>Assistant Attorneys General<br>General Law Bureau<br>100 W. Randolph St., 13th Floor<br>Chicago, IL 60601 |
|---|---|
| Jack S. Tenenbaum<br>Sachnoff & Weaber, Ltd.<br>10 S. Wacker Drive<br>40th Floor<br>Chicago, IL 60606 | |

    /s/ Terrence J. Sheahan

**Dated:  January 6, 2006**