IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEROY ORANGE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 C 168 |
| | ) | |
| Former Chicago Police Lt. JON BURGE, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

Before the court is defendant City of Chicago's ("the City") Amended Motion to Bar Discovery and Trial of "Policy" Claims Against It, or, in the Alternative, to Bifurcate Said Claims ("Amended Motion to Bar/Bifurcate" Dkt. No. 251-1), filed on August 16, 2006. For reasons stated below, the City's Amended Motion to Bar/Bifurcate is granted in part and denied in part.

PROCEDURAL HISTORY

The City originally filed its Motion to Bar Discovery and Trial on *Monell* Claims Against It ("2004 Motion to Bar" Dkt. No. 49) on December 14, 2004. On the same date, the City filed nearly identical motions in the three *Burge* companion cases: *Hobley v. Burge* (03 C 3678, Dkt. No. 386), *Patterson v. Burge* (03 C 4433, Dkt. No. 184), and *Howard v. City of Chicago* (03 C 8481, Dkt. No. 66). The parties to the current motion agree that further action was not taken before this court on the 2004 Motion to Bar, in part because the parties believed that an Order of the Executive Committee consolidated all *Monell* discovery matters before Judge Gottschall on

1

September 24, 2004. (Dkt. No. 251-1 at 1, n.1; "Plaintiff's Response" Dkt. No. 293-1 at 17-18). The 2004 Motion to Bar was thus never noticed for presentment and ruling by this court.

On August 2, 2005, Judge Gottschall denied the City's 2004 Motion to Bar. (03 C 4433, "Judge Gottschall's August 2, 2005 Order" Dkt. No. 298). However, in response to the City's Motion for Reconsideration (03 C 4433, Dkt. No. 299), Judge Gottschall later ordered the *Monell* claims in *Patterson* to be bifurcated from the claims against the individual defendants. (03 C 4433, "Judge Gottschall's April 11, 2006 Order" Dkt. No. 410). The parties in this case agree that Judge Gottschall's April 11, 2006 Order only applied to the *Patterson* case. ("City of Chicago's Reply" Dkt. No. 321-1 at 7; Dkt. No. 293-1 at 18).

A more difficult question arises as to whether Judge Gottschall's August 2, 2005 Order applied to this case as one of the four *Burge* companion cases. Plaintiff Leroy Orange ("Orange") asserts that "it was agreed after discussion in open court by counsel in all four cases with Magistrate Judge Brown that all four Plaintiffs would rely on a joint brief filed solely with Judge Gottschall and that her ruling would apply to all four cases." (Dkt. No. 293-1 at 18). Additionally, Orange describes "[a]fter a joint argument in which all four Plaintiff's counsel participated, and at which Judges Gottschall and Brown both sat, Judge Gottschall denied the City's motion to bar all *Monell* claims on August 2, 2005." *Id.* Orange's position is that the City's Motion for Reconsideration only applied to *Patterson*, and the City failed to timely file such a motion in the other three *Burge* cases. *Id.* Therefore, Orange argues, Judge Gottschall's August 2, 2005 Order remains in effect with respect to his case. *Id.* at 3.

The City does not deny that the parties discussed consolidation of the *Monell* claims before Magistrate Judge Brown; instead, the City notes, "Plaintiff references certain statements

2

made in court but does not identify, cite, or attach the transcripts to which he is referring, making it difficult to respond to the assertions." (Dkt. No. 321-1 at 6). Indeed, Orange has not cited to any part of the record before this court which would indicate an agreement that Judge Gottschall's ruling on the 2004 Motion to Bar was to apply to any of the other three *Burge* companion cases, other than generally referencing the Order of the Executive Committee on September 24, 2004.[1] (Dkt. No. 293-1 at 1, 17). The City also notes that there are no indications in the 2004 Motion to Bar filed in *Patterson*, or in the subsequent response, reply, and ruling, that demonstrate any intent to include the three other *Burge* cases within the scope of these documents. (Dkt. No. 321-1 at 6).

The plain language of Judge Gottschall's April 11, 2006 Order demonstrates that that

---

[1] The September 24, 2004 Order of the Executive Committee states:

IT APPEARING THAT the above-captioned case, 03-C-3678, is pending before the Hon. Marvin E. Aspen; and

IT FURTHER APPEARING THAT the defendant, City of Chicago, has moved to consolidate *Monell* discovery in this case with three other cases pending in this District; 03-C-4433 *Patterson v. Burge, et al.*, 03-C-8481 *Howard v. City of Chicago, et al.*, and 04-C-168 *Orange v. Burge, et al.*; and

IT FURTHER APPEARING THAT Judge Aspen has asked that all discovery matters involving Monell in this case can be transferred to Judge Gottschall, with Magistrate Judge Brown acting as designated magistrate judge; and

IT FURTHER APPEARING THAT the Executive Committee has agreed to Judge Aspen's request; Therefore

IT IS HEREBY ORDERED THAT the Clerk is directed to transfer all discovery matters involving Monell in 03-C-3678, Hobley v. Burge, et al. To Judge Gottschall; and

IT IS FURTHER ORDERED THAT Magistrate Judge Brown shall act as the designated magistrate judge with respect to *Monell* discovery matters.

3

order applies to the *Patterson* case alone. (Dkt. No. 410 at 2 (referring to *Hobley* as "that case," in contrast to "this case")). Judge Gottschall's April 11, 2006 Order does not indicate any intent to overrule, amend, or alter any possible judgment that may have originally applied to *Hobley*, *Howard*, or *Orange*. (03 C 4433, Dkt. No. 410).

As noted above, however, there is nothing in the plain language of Judge Gottschall's August 2, 2005 Order to indicate that the parties or Judge Gottschall intended that order to apply to any case other than *Patterson*. Consequently, the court now finds that Judge Gottschall's August 2, 2005 Order did not resolve the *Monell* matters in this case involving plaintiff Orange. The court, therefore, will address the City's Amended Motion to Bar/Bifurcate, which has been properly noticed and fully-briefed before the court at this time.

## THE CITY'S PROFFERED "WAIVER"

In Count VI of his First Amended Complaint, Orange asserts a § 1983 claim against the City based on allegations that the individual defendants' alleged misconduct was undertaken pursuant to a City policy, practice, or custom. (Am. Compl. ¶¶ 76-82). To succeed on his *Monell* claim, Orange must prove 1) that he suffered a constitutional injury, *Thompson v. Boggs*, 33 F.3d 847, 859 (7th Cir. 1998); 2) that this injury was the result of a municipal policy, widespread custom, or deliberate act of a decisionmaker for the City, *Davis v. Carter,* 452 F.3d 686, 691 (7th Cir. 2006); and 3) that there is a causal link between the City's policy, custom or practice and Orange's injury. *Bd. of the County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 403-04 (1997).

In an effort to avoid discovery and trial on Orange's "policy claims," the City has entered a "Waiver" along with its Amended Motion to Bar/Bifurcate. (Dkt. No. 251-1, Ex. A). The

4

effect of the City's Waiver is to obviate Orange's need to prove two of the three *Monell*
elements. Specifically, "the City agrees to entry of a judgment against it for compensatory
damages based on the finding of the constitutional violation alone." (Dkt. No. 251-1 at 2).
Orange vigorously opposes approval of the City's Waiver; thus, it cannot be viewed as a
traditional stipulation. (Dkt. No. 293-1 at 4). Additionally, the City's Wavier expressly denies
"that any 'custom, policy or practice' of the City directly caused the alleged violations that
would give rise to liability under 42 U.S.C. § 1983." (Dkt. No. 251-2, Ex. A ¶ 4). Nevertheless,
the City desires to waive its "right to demand proof of the alleged policy before any judgment in
this action could be entered against it." (Dkt. No. 321-1 at 8). The City argues that its Waiver
will avoid the costs and burdens associated with discovery and trial of the policy claims, to the
benefit of both parties as well as the court. (Dkt. No. 251-1 at 5-6).

## LEGAL STANDARD

District courts have "considerable discretion" in ordering the bifurcation of a plaintiff's
claims. *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000). Federal Rule of Civil
Procedure 42(b) allows districts courts to separate the trial of any issue, if separation is
warranted "in furtherance of convenience or to avoid prejudice, or when separate trials will be
conductive to expedition and economy," so long as the separation does not violate the Seventh
Amendment. Fed. R. Civ. P. 42(b); *Treece v. Hochstetler*, 213 F.3d 360, 364-65 (7th Cir. 2000).

## ANALYSIS

In light of the City's Waiver, it is clear to the court that bifurcating the claims against the
individual defendants from the *Monell* claims will be more efficient than proceeding on these

5

claims simultaneously. In his Rule 26(a)(1) Disclosure, Orange identified roughly thirty witnesses, in addition to the named defendants, who could potentially testify on the *Monell* claims. (Dkt. No. 321-1, Ex. 2 ¶ 6). Additionally, dozens of individuals were listed as "*Monell* policy and Fed. R. Evid. 404(b) witnesses." (Dkt. No. 321-1, Ex. 2 ¶ 7). Although the court has since limited the number of 404(b) witnesses to twenty-eight, (Dkt. No. 237), the remaining witnesses are potential *Monell* witnesses, as well.

As far as the court can discern, very little pure *Monell* discovery, if any, has occurred at this point in the proceedings.[2] By staying further discovery on the *Monell* claims, this order allows the parties to streamline the remaining depositions so as to focus on the culpability of the individual defendants. The City's most recent filing indicates that the depositions of defendants Leroy Martin, Gayle Shines, Terry Hillard, and Thomas Needham are "about half way done."[3] (Dkt. No. 321-1 at 12). As these individuals are both named defendants and potential *Monell* witnesses, the parties need not concern themselves with *Monell* issues as they proceed in the deposition process, unless otherwise relevant to the claims against the individual defendants. Additionally, the depositions of any purely *Monell* witnesses need not be taken at this time. Because Orange's *Monell* expert has yet to be deposed, and the City has not yet identified a *Monell* expert of its own, (Dkt. No. 321-1 at 12), the bifurcation of claims and staying of discovery on this issue conserves expert resources, as well.

---

[2] The City's Reply of October 18, 2006 states that Orange noticed the depositions of eight *Monell* witnesses to occur over a time period from September 29, 2006 to October 9, 2006; the City neglects to indicate whether these depositions actually took place. (Dkt. No. 321-1 at 5; Ex. 3).

[3] It is unclear whether the deposition of Richard A. Devine has been completed. (*Compare* Dkt. No. 293-1 at 6, n.7 *with* Dkt. No. 321-1 at 12, n.5).

Orange notes "the Defendants are in the process of deposing Plaintiff's 404(b) witnesses, whose evidence may also pertain to Plaintiff's *Monell* claims." (Dkt. No. 293-1 at 6). The court can foresee that certain evidence may be determined to be admissible under Federal Rule of Evidence 404(b) at trial; however, Orange has presented no argument that the evidence obtained through the depositions already taken was wasteful in regards to the claims against the individual defendants or that different questions would have been asked of these witnesses if the *Monell* claims had been bifurcated earlier.

## CONCLUSION

In light of the City's Waiver, the court hereby bifurcates Orange's claims against the individual defendants from his *Monell* claims and stays further "purely *Monell*" discovery in this case. The court need not decide at this time whether discovery and a trial on the *Monell* claims are barred altogether. That decision is best left to a time when discovery is complete on the individual claims and the evidence against the individual defendants is clear.

ENTER:

JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: October 20, 2006