# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 168 | **DATE** | 7/24/2007 |
| **CASE TITLE** | Orange vs. Burge | | |

**DOCKET ENTRY TEXT**

For reasons discussed in the statement section of this opinion, the court grants in part and continues in part plaintiff Orange's request for further limited discovery in regards to defendant Devine's Motion for Summary Judgment [410]. Orange is granted leave to proceed with the depositions of Gregory Ginex, Frank Deboni, Jeff Kent, and Lawrence Hyman. The parties are to confer on a discovery schedule and report for a status hearing on 9/18/07 at 9:00 a.m. for purposes of setting a further discovery schedule. Orange is also granted leave to seek relevant billing records of Phelan, Pope and John. Devine's Motion for Summary Judgment [410] is denied without prejudice to refiling after discovery on the relevant claims is complete.

The City of Chicago is granted leave to file its objections to the deposition testimony of Richard M. Daley on or before 8/14/07. Plaintiffs' response is due 8/30/07 and the City's reply is due 9/11/07. Orange's request to depose Richard M. Daley is entered and continued until such time as the objections have been ruled upon.

■[ For further details see text below.]  Notices mailed.

## STATEMENT

Plaintiff Leroy Orange ("Orange") has brought this lawsuit against numerous individuals and the City of Chicago, alleging that, in 1984, City of Chicago police officers tortured him into falsely confessing to murder, leading to his wrongful conviction and sentence of death. Although proceedings against the City of Chicago and individual police officers were stayed in this case on January 11, 2007, defendant Cook County State's Attorney Richard A. Devine ("Devine") was granted leave to file, and has filed, a Motion for Summary Judgment on the claims alleged against him. (*See* Dkt. No. 410).

As a general matter, Orange alleges that Devine withheld and suppressed exculpatory evidence regarding Orange's allegations of torture, contributing to his continued wrongful conviction and imprisonment in violation of 42 U.S.C. § 1983 and Illinois law. Orange was arrested in 1984 and his conviction was upheld by the Illinois Supreme Court in 1988. In his First Amended Complaint, Orange specifically alleges that Devine became aware of exculpatory evidence in Orange's favor while employed in private practice at the law firm Phelan, Pope and John from 1988 to 1996, during which time the law firm represented Jon Burge ("Burge") and other Area 2 police officers in a civil rights lawsuit brought by alleged torture victim Andrew Wilson ("Wilson"), in proceedings before the City of Chicago Police Board, and in "another civil rights torture case where a pattern and practice of torture was alleged." (First Am. Compl. ¶ 47). After taking office in 1997, Devine allegedly suppressed this "wealth of compelling evidence that [these] clients, including Burge, were centrally involved in a pattern and practice of torturing suspects, including Plaintiff, at Area 2." (First Am. Compl. ¶ 48). Devine allegedly made false and defamatory

| STATEMENT |
|---|

statements discrediting evidence of torture by Area 2 detectives and refused to investigate allegations regarding a pattern and practice of torture. (First Am. Compl. ¶ 49). Orange remained in prison until January 10, 2003, when he was pardoned by then Governor George Ryan.

In his memorandum of law in support of his motion for summary judgment, Devine argues that the undisputed facts show that Devine learned of no relevant information while employed at Phelan, Pope and John and that Devine played no role in Orange's arrest, charging, trial, conviction, or appeals. (Dkt. No. 411 at 2). Devine further argues that Orange's claims are precluded by the doctrines of absolute prosecutorial immunity, sovereign immunity, and public official immunity. (*Id.*).

On April 11, 2007, in open court, Orange argued that Devine's Motion for Summary Judgement was untimely due to a lack of relevant discovery on the claims against Devine. As requested by the court, Orange has since identified the specific discovery he seeks to conduct before responding to Devine's motion. This additional discovery includes the depositions of William Kunkle, Gregory Ginex, Frank Deboni, Jeff Kent, Lawrence Hyman, and Richard M. Daley, as well as a "limited set of documents" pertaining to billing records of Phelan, Pope and John. (Dkt. No. 416). Devine has agreed to the deposition of William Kunkle, and the court granted leave to proceed with Judge Kunkle's deposition in open court on May 24, 2007.

However, Devine argues that Gregory Ginex, Frank Deboni, Jeff Kent, and Lawrence Hyman do not have access to any relevant information and that their depositions are not necessary to resolve the claims against Devine. Specifically, Devine argues that these witnesses "were either not in the State's Attorney's Office during [Orange's] prosecution, or in units within the State's Attorney's Office that had no connection with the Orange prosecution" and that "they know nothing of the work or clients of Mr. Devine during the years he was in private practice." (Dkt. No. 420 at 2, 6). Furthermore, Devine argues that his own deposition improperly focused on the Wilson case, and that any further depositions are likely to have the same "improper and dilatory focus on the Wilson matter." (*Id.* at 6).

Orange argues that, as discovery progressed in this case, the factual basis for Orange's claims against Devine has expanded in duration and scope. According to Orange, new factual allegations have arisen based on information obtained from the Special Prosecutor in August, 2006, and on information disclosed at Devine's deposition on September 27, 2006, regarding Devine's knowledge of evidence of torture in the Wilson case. Specifically, Orange now alleges that Devine became aware of relevant evidence of police torture while serving as the First Assistant State's Attorney at the Cook County State's Attorney's Office from 1981 to 1983. Orange alleges that, during this time period, Devine "both learned of and discussed these torture allegations with former Cook County State's Attorney Richard M. Daley, and high ranking ASAs Kunkle, Ginex, Deboni, Hyman, and Kent." (Dkt. No. 422 at 3-4). Orange argues that "Devine and the designated deponents were specifically apprised of Andrew Wilson's torture allegations and physical evidence corroborating his injuries." (*Id.* at 4). Orange further asserts that the named individuals must be deposed "in order to fully develop additional evidence establishing that Defendant Devine knew of other torture victims . . . and suppressed this additional exculpatory evidence from Plaintiff Orange." (*Id.* at 6). Orange contends that his Revised Responses to Defendant Devine's First Set of Interrogatories put Devine on notice of Orange's intent to rely on these factual allegations in support of his § 1983 claim, and that Devine had previously agreed to scheduling the depositions of Gregory Ginex, Frank DeBoni, and Jeffrey Kent, before the stay in this case went into effect.

Pursuant to Federal Rule of Civil Procedure 26(b), the scope of permissible discovery is defined by whether it is "reasonably calculated to lead to the discovery of admissible evidence" relevant to the issues or defenses plead. In this case, the parties do not appear to dispute the fact that Orange was not arrested, tried,

| STATEMENT |
|---|

or convicted at any time while Devine was employed by the Cook County State's Attorney's Office. However, Orange has alleged that Devine's decision as Cook County State's Attorney to withhold and suppress exculpatory evidence regarding Orange's allegations of torture nevertheless contributed to Orange's continued wrongful imprisonment. The question of whether Devine was ever privy to relevant exculpatory evidence is thus highly relevant to Orange's claims. In his brief before the court, Orange has set forth with sufficient specificity the basis for his belief that the named individuals have access to relevant, admissible evidence regarding Orange's claims against Devine. The court finds that the depositions of Gregory Ginex, Frank Deboni, Jeff Kent, and Lawrence Hyman are reasonably calculated to lead to admissible evidence on the question of whether Devine had knowledge of a pattern and practice of torturing suspects at Area 2. Orange is therefore granted permission to proceed with the depositions of these four individuals.

The parties are to confer on a discovery schedule and report for a status hearing on 9/18/07 at 9:00 a.m. for purposes of setting a discovery schedule. With no objection from Devine, Orange may also seek the relevant billing records of Phelan, Pope and John. Devine's Motion for Summary Judgment is denied without prejudice to refiling after discovery has been completed.

On a final note, the City of Chicago has filed its own objection to the deposition of former Cook County State's Attorney Richard M. Daley, relying on its continued general objections to Daley's deposition testimony. (Dkt. No. 417). The City's objections are best addressed in a separate motion before the court. The City of Chicago is hereby granted leave to file any objections to the deposition testimony of Richard M. Daley on or before 8/14/07. Plaintiffs' response is due 8/30/07 and the City's reply is due 9/11/07. Orange's request to depose Richard M. Daley is entered and continued until such time as the objections have been ruled upon.