IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEROY ORANGE, <br><br> Plaintiff, <br><br> v. <br><br> FORMER CHICAGO POLICE LT. JON BURGE, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) Case No. 04 C 0168 <br> ) <br> ) Judge James F. Holderman <br> ) <br> ) <br> ) <br> ) <br> ) |

## RELEASE AND SETTLEMENT AGREEMENT

Plaintiff LEROY ORANGE (by his attorneys, J. Samuel Tenenbaum of Northwestern University Legal Clinic, and G. Flint Taylor of People's Law Office), and the CITY OF CHICAGO (by its attorneys, Mara S. Georges, Corporation Counsel of the City of Chicago and Terrence M. Burns of Dykema Gossett), herein stipulate and agree to the following:

1. Plaintiff Leroy Orange has filed a lawsuit in the United States District Court for the Northern District of Illinois, styled *Leroy Orange v. Jon Burge, et al.*, Case No. 04 C 0168 (hereinafter, the "Lawsuit"). The Lawsuit asserts claims against Defendant City of Chicago and Individual Defendants Leroy Martin, Gayle Shines, Thomas Needham, Terry Hillard, Jon Burge, Daniel McWeeny, Leonard Bajenski, David Dioguardi, Robert Flood, Raymond Madigan, Dennis McGuire, and Raymond McNally (jointly hereinafter, the "City Defendants"), among others.

2. The City Defendants have denied each and every allegation of wrongdoing asserted in plaintiff's pleadings in the Lawsuit, and further deny liability to plaintiff.

3. In consideration of the hereinafter indicated settlement entered pursuant to this Release and Settlement Agreement, and upon advice of counsel, Plaintiff Leroy Orange agrees to

dismiss the Lawsuit and all of his claims against the City Defendants, with leave to reinstate solely in the event that the Chicago City Council or its Finance Committee reject the hereinafter indicated settlement, with each side bearing their own costs and attorney's fees. Plaintiff Leroy Orange agrees that he will be required to execute this Release and Settlement Agreement and effect said dismissal of this action prior to the City of Chicago's presentation of the settlement agreement to the Chicago City Council and/or its Finance Committee, and that Plaintiff Leroy Orange's agreement to settle on these terms shall not be revoked or otherwise repudiated unless the Chicago City Council or its Finance Committee reject the settlement agreement. Upon approval of the settlement by the Chicago City Council, Plaintiff Leroy Orange agrees to a final order in the Lawsuit dismissing with prejudice all of his claims against Defendant City of Chicago and all named City Defendants, including Individual Defendants Leroy Martin, Gayle Shines, Thomas Needham, Terry Hillard, Jon Burge, Daniel McWeeny, Leonard Bajenski, David Dioguardi, Robert Flood, Raymond Madigan, Dennis McGuire, and Raymond McNally.

4. Plaintiff Leroy Orange agrees to accept in settlement from Defendant, City of Chicago, the total amount of FIVE MILLION FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($5,500,000.00) with each side bearing their own costs and attorneys' fees. Said payment will be made to Northwestern University as the distribution agent. Said payment is being made to compensate plaintiff for his claims of personal physical injuries. Plaintiff and his attorneys agree to satisfy all of the attorneys' fees, costs, and expenses from this settlement amount, in full and complete satisfaction of all attorneys' liens, including any and all statutory fee claims, for services rendered to or on behalf of plaintiff Leroy Orange.

5. The parties and their respective attorneys acknowledge that settlement of this claim is not an admission of liability or of unconstitutional or illegal conduct by or on the part of

2

the City, any City Defendant, and/or the City of Chicago's former, current or future representatives, officers, agents and employees, and it shall not serve as evidence or notice of any wrongdoing by or on the part of the City, any City Defendant, and/or the City of Chicago's former, current or future representatives, officers, agents and employees. The parties and their respective attorneys further acknowledge that settlement is made to avoid the uncertainty of the outcome of litigation and the expense in time and money of further litigation and for the purpose of judicial economy. Plaintiff Leroy Orange and his attorneys each agree that they or any firm with which said attorneys are affiliated, or with which said attorneys may later become affiliated, shall not use this settlement (or the settlements of Aaron Patterson, Stanley Howard, and/or Madison Hobley) as notice of misconduct of the part of the City, any City Defendant, and/or the City of Chicago's former, current or future representatives, officers, agent and employees, or for any other purpose in any other litigation, and that any such use is inconsistent with the terms of this Release and Settlement Agreement.

In keeping with the City of Chicago's intention to terminate all further costs and expenses associated with the Lawsuit, and as part of the consideration for this settlement agreement, plaintiff and his attorneys understand and agree to forego any further discovery pertaining to any current or former City official, representative, supervisor, policymaker, agent, employee, or administrator (whether or not a defendant in the Lawsuit), including but not limited to written interrogatories, document requests, requests to admit, deposition notices, or subpoenas (whether for documents or testimony), any past litigation request, or any future litigation request of any kind, whether oral or written, not otherwise expressly reserved in this Release and Settlement Agreement. While the parties acknowledge any such request is unlikely and unforeseeable at this time, in the rare and limited circumstance that a document has not or could

not have been previously discovered and identified through due diligence, the foregoing shall not preclude plaintiff from seeking a document that is newly discovered and identified after the date of this Release and Settlement Agreement, but only upon a showing of need and relevance to the proceedings against the County Defendants; it is further expressly understood and agreed that the terms of this provision shall be limited and narrowly interpreted consistent with the remainder and intent of this agreement. If the plaintiff needs an original City document at trial against the County Defendants, the City shall reasonably comply with said request. Moreover, the provisions of the immediately preceding two sentences shall not be interpreted or deemed to be inconsistent with any other provision of this agreement, nor shall the City be deemed to have waived any other provision or protection of this agreement by virtue of those provisions. With respect to the continuing litigation against the County Defendants, plaintiff and his counsel agree they shall not depose any City of Chicago representative, officer, agent, or employee unless (a) that individual is formally disclosed as a trial witness by any of the County Defendants; (b) that individual invoked his or her Fifth Amendment right not to testify when previously deposed and subsequently from the date of their prior deposition, seeks to relinquish that right; or (c) a previously undisclosed and undeposed individual is identified in the course of discovery after the date of this Release and Settlement Agreement. Plaintiff agrees to notify the City of Chicago of his intent to depose such an individual and provide the City of Chicago with the opportunity to object to the deposition being sought by plaintiff. This agreement shall not prohibit plaintiff from calling any City representative, officer, agent or employee as a witness at trial, provided that plaintiff notify the City of Chicago at least 14 days before trial of his intent to call that individual as a trial witness to allow the City the opportunity to object to that witness being called to testify. If a dispute should arise as to the terms and operation of this paragraph, the

parties agree the dispute will be first submitted to Judge Marvin E. Aspen of the United States District Court, Northern District of Illinois, for his consideration and resolution of the dispute, which might include, but is not limited to, the appropriateness, relevance, and/or scope of any such document, deposition or trial testimony.

6. The City of Chicago's obligations pursuant to this Release and Settlement Agreement are conditioned upon approval of the settlement agreement by the Chicago City Council. The City of Chicago will not be required to perform its obligations pursuant to this Release and Settlement Agreement until sixty (60) days after the following events occur: 1) The City of Chicago receives a copy of this Release and Settlement Agreement executed by Plaintiff Leroy Orange and Releases of Attorney's Liens executed by each of plaintiff's counsel; 2) authorization of the settlement by the Chicago City Council; and 3) the City of Chicago obtains from the United States District Court for the Northern District of Illinois a Final Agreed Order dismissing with prejudice all of Plaintiff's claims in the Lawsuit against the City Defendants, with each side bearing their own costs and attorneys fees, and which terminates the right to reinstate reserved in Paragraph 3 of this Release and Settlement Agreement.

7. Payment of the settlement amount pursuant to this Release and Settlement Agreement shall be payable solely by the City of Chicago, and Plaintiff Leroy Orange and his attorneys agree that they will not seek payment from any City Defendants other than the City of Chicago. The payment is intended to fully and completely compensate plaintiff and his counsel for their respective claims of personal injury, attorneys' fees, costs, and liens against the City of Chicago and the City Defendants.

8. For and in consideration of the settlement and payment recited in Paragraph 4 herein, Plaintiff Leroy Orange, for himself, his agents, dependents, heirs, executors,

administrators, successors, assigns, insurers, and attorneys, does hereby release and forever discharge the Individual Defendants (Leroy Martin, Gayle Shines, Thomas Needham, Terry Hillard, Jon Burge, Daniel McWeeny, Leonard Bajenski, David Dioguardi, Robert Flood, Raymond Madigan, Dennis McGuire, and Raymond McNally), their spouses, dependents, agents, employers, employees, servants, supervisors, representatives, heirs, executors, administrators, assigns, successors, insurers, and attorneys, and Defendant City of Chicago, its former, current, and future agents, servants, representatives, officers, employees, administrators, successors, branches, departments, divisions, affiliates, insurers, and attorneys, and all other related persons, firms, associations, and corporations, whether named or served in the Lawsuit, of and from any and all manner of claims, actions, causes of action, suits, charges, demands, losses, judgments, sums of money, complaints, appeals, attorneys' fees, costs, damages (compensatory and punitive), liens, and claims of any nature whatsoever, which plaintiff now has, or ever had, or hereafter may have in the future, whether fixed, contingent, liquidated, or unliquidated, known or unknown, suspected or unsuspected, whether in tort, contract, statute or equity, or whether under local, state or federal law, arising either directly or indirectly out of the underlying circumstances and events that form the basis of this litigation as alleged in the Lawsuit, and which were made or could have been made the subject matter of the Lawsuit. Plaintiff Leroy Orange acknowledges this release bars any further claims against the City Defendants and their related releasees for injury, pain, suffering, medical expenses, loss, damages, fees, costs, disability, or rights violation, whether known or unknown at the present time.

9. In consideration of this settlement entered pursuant to this Release and Settlement Agreement, and upon advice of counsel, Plaintiff Leroy Orange agrees to indemnify and hold

6

harmless the City Defendants, and their former, current or future agents, representatives, officers, employees, employers, supervisors, administrators, departments, divisions, affiliates, insurers, and attorneys, from any claims, losses, damages or expenses, including advances, loans, referral fees, attorneys' fees and/or costs, incurred or which may be incurred, by reason of any lien or any other claim or interest held by any person, entity or corporation against any moneys received or to be received by Plaintiff Leroy Orange under this settlement entered pursuant to this Release and Settlement Agreement.

10. This settlement has been made in good faith and at arm's length under the supervision of the Court and the attorneys for the parties to the transaction. It is understood and agreed that the City Defendants, their agents, servants, representatives, and employees, have settled the Lawsuit in good faith, and the City Defendants shall be discharged from all liability for any contribution to any alleged tortfeasor as a condition of this settlement, which is made pursuant to the applicable provisions of the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/0.01 *et seq*. Nothing contained in this Release and Settlement Agreement shall be construed as a release or discharge of Cook County, Illinois or the named individual defendants from the Cook County State's Attorney's Office (Richard Devine; Dennis Dernbach), and plaintiff Leroy Orange will continue to pursue his claims against Richard Devine, Dennis Dernbach, and the County of Cook now pending in Case No. 04 C 0168.

11. This Release and Settlement Agreement and any documents that may be executed under paragraph 14 herein contain the entire written agreement between the parties with regard to the settlement of this action, and shall be binding upon and inure to the benefit of the parties hereto, jointly and severally, and the heirs, next of kin, executors, administrators, personal representatives, attorneys, successors, and assigns of each.

12. It is understood and agreed the City of Chicago shall receive all Confidential Matter tendered to plaintiff and his counsel covered by the Protective Order entered on March 30, 2005 (Docket #73) after plaintiff's case against the County defendants is fully resolved and/or plaintiff's attorneys have resolved the pending matter captioned *Cannon v. Burge*, No. 05 C 2192. The parties may seek enforcement of the provisions of the Release and Settlement Agreement before Judge Marvin E. Aspen in the United States District Court for the Northern District of Illinois.

13. This Release and Settlement Agreement is entered into in the State of Illinois and shall be construed and interpreted in accordance with its laws. The parties participated jointly in the negotiation and preparation of the Release and Settlement Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Release and Settlement Agreement shall be construed as if the parties jointly prepared the document, and any uncertainty or ambiguity shall not be interpreted against one party and in favor of the other. In entering into this Release and Settlement Agreement, Plaintiff Leroy Orange represents that he has relied upon the advice of his attorneys, who are the attorneys of his own choice, and that the terms of this Release and Settlement Agreement have been interpreted, completely read and explained to him by his attorneys, and that those terms are fully understood and voluntarily accepted by him. Plaintiff also represents and warrants that no other person or entity has or has had any interest in the claims or causes of action referred to herein, that he and his attorneys have the sole right and exclusive authority to execute this Release and Settlement Agreement and to receive the sums specified herein, and that they have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims or causes of action referred to herein.

14. All parties agree to cooperate fully and to execute a Stipulation to Dismiss and any and all supplementary documents and to take all additional actions which are consistent with and which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Release and Settlement Agreement.

15. This Release and Settlement Agreement may be executed in counterparts.

IN WITNESS WHEREOF, the undersigned has caused this instrument to be executed this ___9th___ day of ___December___ 2007.

_____
LEROY ORANGE

SUBSCRIBED AND SWORN TO before me this _9_ day of _12 December_, 2007.

_____
Notary Public

*OFFICIAL SEAL*
*BRAD THOMSON*
*NOTARY PUBLIC - STATE OF ILLINOIS*
*MY COMMISSION EXPIRES: 09/20/09*

IN WITNESS WHEREOF, the undersigned has caused this instrument to be executed this ___9th___ day of ___December___, 2007.

NORTHWESTERN UNIVERSITY/BLUHM LEGAL CLINIC
BY: _____
J. Samuel Tenenbaum

SUBSCRIBED AND SWORN TO before me this _9th_ day of _December_, 2007.

_____
Notary Public

*OFFICIAL SEAL*
*BRAD THOMSON*
*NOTARY PUBLIC - STATE OF ILLINOIS*
*MY COMMISSION EXPIRES: 09/20/09*

IN WITNESS WHEREOF, the undersigned has caused this instrument to be executed this 9th day of December, 2007.

**PEOPLE'S LAW OFFICE**

BY: _G. Flint Taylor_
G. Flint Taylor

SUBSCRIBED AND SWORN TO before me this 9th day of December, 2007.

_Brad Thomson_
Notary Public

OFFICIAL SEAL
BRAD THOMSON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 09/10/09

IN WITNESS WHEREOF, the undersigned has caused this instrument to be executed this 15th day of January, 2008.

**THE CITY OF CHICAGO**

BY: _Mara S. Georges_
Its Authorized Representative

SUBSCRIBED AND SWORN TO before me this 15th day of January, 2008.

_Mary M. Doody_
Notary Public

Official Seal
Mary M Doody
Notary Public State of Illinois
My Commission Expires 08/20/2011

# CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2008, I electronically filed the foregoing **Release and Settlement Agreement** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

G. Flint Taylor, Jr.
Joey L. Mogul
Michael E. Deutsch
People's Law Office
1180 North Milwaukee Avenue
Chicago, Illinois 60622
Phone: 773.235.0070
Fax: 773.235.6699

Thomas F. Geraghty
J. Samuel Tenenbaum
Cathryn S. Crawford
Northwestern University Legal Clinic
357 East Chicago Avenue
Chicago, Illinois 60611
Phone: 312.503.8576
Fax: 312.503.8977

Richard T. Sikes, Jr.
Terrence J. Sheahan
Freeborn and Peters
311 South Wacker Drive
Chicago, Illinois 60606
Phone: 312.360.6000
Fax: 312.360.6571

Eileen M. Letts
Greene and Letts
111 West Washington Street
Suite 1650
Chicago, Illinois 60602
Fax: 312.346.4571

Patrick T. Driscoll, Jr.
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, Illinois 60602
Phone: 312.603.6461
Fax: 312.603.5735

Patricia C. Bobb
Patricia C. Bobb & Associates
833 West Jackson Boulevard, Suite 200
Chicago, Illinois 60607
Fax: 312.829.3367

s/ Paul A. Michalik
Paul A. Michalik